IN THE DISTRICT COURT OF KINGFISHER COUNTY
STATE OF OKLAHOMA

Kingfisher County Oklahoma
**F I L E D**
APR 1 9 2018
LISA MARKUS, COURT CLERK
BY_____
DEPUTY

| | |
|---|---|
| EUGENE ZELNICEK, JR. AND DEBBIE ZELNICEK </br></br> PLAINTIFFS, </br></br> v. </br></br> SHELTER GENERAL INSURANCE COMPANY AND EISCHEN INSURANCE AGENCY, INC. </br></br> DEFENDANTS. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

CASE NO. CJ-2018-37

## PETITION

COMES NOW Plaintiffs, Eugene Zelnicek, Jr. and Debbie Zelnicek, and for their causes of action against the Defendants Shelter General Insurance Company and Eischen Insurance Agency, Inc. allege and state:

1. Plaintiffs, Eugene Zelnicek, Jr. and Debbie Zelnicek, ("Plaintiffs" or "Zelniceks") are residents of Hennesey, Kingfisher County, State of Oklahoma.

2. Defendant, Shelter General Insurance Company, ("Shelter"), is a foreign corporation incorporated and domiciled in the State of Missouri and maintains its principal place of business in a state other than Oklahoma. Shelter is authorized to and does transact business within the State of Oklahoma.

3. Defendant, Eischen Insurance Agency, Inc., ("Eischen"), is a domestic corporation incorporated and domiciled in the State of Oklahoma and maintains its principal place of business in the State of Oklahoma.

4. The subject insurance policy was sold, issued and delivered to Hennesey, Oklahoma.

5. At all times material hereto, Plaintiffs were insured by an automobile insurance policy through Defendant Shelter. At all times material hereto, the insurance agent Defendant Eischen, was

an authorized insurance agent for Defendant Shelter.

6. The acts and omissions pertinent in this case occurred in Hennesey, Oklahoma.

7. Plaintiff's claims against the Defendants are in excess of the amount required for diversity jurisdiction pursuant to § 1332 of Title 28 of the United States Code.

8. Based on the foregoing, this Court has jurisdiction over these parties and this subject matter and venue is proper herein.

## BREACH OF CONTRACT AND BAD FAITH

9. At all times material hereto, Plaintiffs were insured with Shelter by an automobile insurance policy number 35-1-C-9367447-32.

10. On October 23, 2017, Plaintiffs suffered a covered loss.

11. Plaintiffs submitted a claim for the loss to Shelter and otherwise complied with all conditions precedent to recovery under the subject automobile insurance policy.

12. Shelter breached the subject insurance contract by wrongfully denying Plaintiffs' claim.

13. Shelter breached the implied covenant of good faith and fair dealing in the insurance contract in the following respects:

    a. failing and refusing payment and other policy benefits on behalf of Plaintiffs at a time when Shelter knew that Plaintiffs were entitled to those benefits;

    b. failing to properly investigate Plaintiffs' claims and to obtain additional information both in connection with the original refusal and following the receipt of additional information;

    c. withholding payment of the benefits on behalf of Plaintiffs knowing that Plaintiffs' claims for those benefits were valid;

    d. refusing to honor Plaintiffs' claims for reasons contrary to the express provisions of the policy and/or Oklahoma law;

    e. refusing to honor Plaintiffs' claims by applying restrictions not contained in the policy;

f. refusing to honor Plaintiffs' claims by knowingly misconstruing and misapplying provisions of the policy;

g. failing to adopt and implement reasonable standards for the prompt investigation and reasonable handling of claims arising under these policies, to include Plaintiffs' claims;

h. not attempting in good faith to effectuate a prompt, fair and equitable settlement of Plaintiffs' claims once liability had become reasonably clear;

i. forcing Plaintiffs to retain counsel in order to secure benefits Defendant knew were payable;

j. failing to properly evaluate any investigation that was performed;

k. failing to follow the laws of insurance policy construction, including resolving any ambiguity in favor of coverage for their insured;

l. refusing to consider the reasonable expectations of the insured;

m. failing and refusing to properly investigate and consider the insurance coverage promised to their insured;

n. forcing their insured to bear the consequences of Shelter's own error and omission rather than being responsible for their own agents;

o. failing and refusing to honor their known obligation under the law for legal liability for the acts of their agent; and

p. falsely representing the coverage they know to exist under the policy in an effort to deceive the insured.

14. As a direct result of Shelter's breach of contract and bad faith Plaintiffs have suffered loss of the policy benefits, loss of the coverage promised by Shelter, mental and emotional distress, embarrassment and loss of reputation, loss of use, costs to mitigate damages and other damages.

15. Shelter recklessly disregarded and/or intentionally and with malice breached its duty to deal fairly and act in good faith and Plaintiff is entitled to recover punitive damages.

## **NEGLIGENCE**

16. The insurance agent, Eischen, was at all times material hereto an authorized agent for the insurance company Defendant Shelter.

17. On or about May 31, 2017, Plaintiffs contacted Eischen to purchase insurance for their 2012 Peterbuilt semi-tractor.

18. Plaintiffs purchased various coverages included bodily injury, property damage, collision and comprehensive coverage but specifically rejected uninsured/underinsured motorist coverage.

19. Eischen sold Plaintiffs the coverage requested, which excluded uninsured/underinsured motorist coverage, and provided Plaintiffs a Policy Declaration and Schedule identifying the coverage purchased.

20. Plaintiffs paid the premium for the coverage requested as quoted by Eischen.

21. Thereafter, Defendant Shelter attempted to force uninsured/underinsured motorist coverage onto the policy despite Plaintiffs' rejection of such coverage. When Plaintiffs' refused to pay for coverage they did not want or request, Shelter wrongfully cancelled the policy.

22. Eischen and Shelter failed to exercise reasonable care to insure that Plaintiffs were issued a policy that provided the requested coverage.

23. As a result of Eischen's and Shelter's negligence, Plaintiff's policy was wrongfully cancelled.

24. Eischen's and Shelter's negligence further resulted in Shelter refusing to pay for a loss covered under the coverages for which Plaintiffs did request and paid premiums.

WHEREFORE, Plaintiffs pray for judgment against the Defendants, Shelter and Eischen, for their damages, both compensatory damages and punitive damages, with interest and costs of this action, for a reasonable attorney fee, and for such other relief as may be appropriate.

**JURY TRIAL DEMANDED.**
**ATTORNEY LIEN CLAIMED.**

Respectfully Submitted,

*/s/ Thomas A. Paruolo*

Thomas A. Paruolo, OBA #18442
Derrick T. DeWitt, OBA #18044
Melanie K. Christians, OBA #30846
NELSON TERRY MORTON
    DEWITT & PARUOLO
P.O. Box 138800
Oklahoma City, Oklahoma  73113
Telephone:    405/705-3600
Facsimile:     405/705-2573
tom@ntmdlaw.com
dewitt@ntmdlaw.com
mchristians@ntmdlaw.com

**ATTORNEYS FOR PLAINTIFFS**