**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| Eugene Zelnicek, Jr. and <br> Debbie Zelnicek, <br><br>         Plaintiffs, <br><br> v. <br><br> Shelter General Insurance Company and <br> Eischen Insurance Agency, Inc., <br><br>         Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. CIV-18-489-F <br> ) <br> ) <br> ) <br> ) <br> ) |

## PLAINTIFFS' MOTION TO REMAND

Plaintiffs Eugene Zelnicek, Jr. and Debbie Zelnicek (hereinafter "Plaintiffs"), pursuant to 28 U.S.C. § 1447(c), respectfully request the Court remand this case to the District Court of Kingfisher County, Oklahoma due to the Court's lack of subject matter jurisdiction. In support thereof, Plaintiffs provide the following Brief.

## STATEMENT OF THE CASE

This case arises out of Eischen Insurance Agency, Inc.'s ("Eischen Agency") negligent procurement of an insurance policy which ultimately led to Defendant Shelter General Insurance Company's ("Shelter") wrongful cancellation of Plaintiffs' policy and bad faith denial of Plaintiffs' insurance claim.  On or about May 31, 2017, Plaintiffs purchased insurance for their 2012 Peterbilt semi-tractor from Shelter through Eischen Agency, including bodily injury, property damage, collision and comprehensive coverage. (Petition [Doc.1-1], ¶¶ 17-18). Although Plaintiffs signed a uninsured/underinsured motorist coverage ("UM/UIM") rejection form, Eischen Agency failed to properly retain

this rejection form and submit it to Shelter's underwriting. (2/5/18 letter to Shelter, Ex. 1) (Petition [Doc.1-1], ¶ 18-20).  As a result, Shelter wrongfully force-placed UM/UIM coverage onto Plaintiffs' policy without Plaintiffs' consent and demanded Plaintiffs pay for this unwanted coverage. (Petition [Doc.1-1], ¶ 21).  When Plaintiffs refused, Shelter wrongfully cancelled the policy.  (Petition [Doc.1-1], ¶¶ 21, 24).  Plaintiffs attempted to reinstate the policy, but due to Eischen Agency's untimeliness in submitting the information to Shelter, and Shelter's bad faith cancellation of the policy as a result of Eischen Agency's original negligent conduct, Shelter refused to pay Plaintiffs' claim arising from an accident involving the insured vehicle. (Petition [Doc.1-1], ¶¶ 21-24) (12/8/17 letter to Plaintiffs, Ex. 2).

Notwithstanding Shelter's unlawful practice of forcing insured's to pay for UM/UIM coverage in the absence of a signed UM/UIM rejection form, had Eischen Agency properly retained Plaintiffs' UM/UIM rejection form and submitted it to Shelter, *Plaintiffs' policy would not have been cancelled.*  Thus, it was Eischen Agency's original negligent acts and omissions which set the ball in motion and ultimately led to the cancellation and coverage denial.

On February 2, 2018, counsel for Plaintiffs sent correspondence to Shelter setting forth the basis for its negligence claim against Eischen Agency and breach of contract/bad faith claim against Shelter, and requested Shelter reconsider its coverage denial.  Plaintiffs' counsel stated in pertinent part:

> I am in receipt of your correspondence dated December 8, 2017 wherein you state the Jim Eischen Insurance Agency did not make a mistake when binding coverage for my clients.  I disagree with both of your positions.  **While you**

> **claim there was not a rejection for the uninsured motorist coverage, please note Mr. and Mrs. Zelnicek did in fact sign such a rejection form. It is not the fault of Mr. and Mrs. Zelnicek that the agent failed to properly retain this UM rejection form or that he failed to submit this rejection form to Shelter's underwriting.** Mr. and Mrs. Zelnicek were given a Policy Declaration Sheet on May 31, 2017 - the day they purchased coverage and paid for the requested coverage in full. The Dec Sheet appropriately identified <u>all</u> of the coverage they requested and purchased – which excludes UM/UIM coverage. It is highly inappropriate for Shelter to cancel my client's policy **based upon Shelter's agents neglect** and to attempt to force my clients to pay for coverage they did not request. What's more, when Shelter improperly "force placed" UM/UIM coverage onto the Zelnicek's policy, it did not do so in accordance with Oklahoma statute.

(2/5/18 letter to Shelter, Ex. 1) (emphasis in original and added). Both Shelter and Eischen Agency acknowledged receipt of this letter but refused to take responsibility for their conduct, thus necessitating this lawsuit. (3/2/18 letter to Plaintiffs' counsel, Ex. 3) (3/6/18 letter to Plaintiffs' counsel, Ex. 4).

Even though Shelter had actual notice regarding the facts underlying Plaintiffs' negligence claim (which is all that is required under Oklahoma state court's notice pleading statute), Shelter asserts in its Notice of Removal that Plaintiffs cannot state a claim against Eischen Agency because "Eischen Agency sold them precisely the coverage requested." *See* Notice of Removal [Doc. 1], p. 3. However, as demonstrated herein, Plaintiffs' negligence claim is much broader than Shelter leads this Court to believe. It is irrelevant that Eischen Agency ostensibly procured the coverage requested as stated in the Policy Declarations; Plaintiffs ultimately did not receive the insurance promised because Shelter forced-placed UM/UIM coverage **due to Eischen Agency's negligent failure to properly retain and submit Plaintiffs' signed UM/UIM rejection form**. Given the foregoing,

Shelter cannot legitimately argue that Plaintiffs have no possibility of recovery against Eischen Agency. Therefore, Plaintiffs' Motion to Remand should be granted.

## ARGUMENT AND AUTHORITY

**PROPOSITION I:   THIS COURT LACKS SUBJECT MATTER JURISDICTION BECAUSE EISCHEN AGENCY WAS NOT FRAUDULENTLY JOINED**

Federal removal jurisdiction is statutory in nature and is to be strictly construed. *Shamrock Oil & Gas v. Sheets*, 313 U.S. 100, 108-09 (1941); *Pritchett v. Office Depot, Inc.*, 420 F.3d 1090, 1094-1095 (10th Cir. 2006) ("[S]tatutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed"). There is a presumption against removal jurisdiction, and all doubts are to be resolved in favor of remand. *Laughlin v. K-Mart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (abrogated on other grounds by *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S.Ct. 547 (2014)); *See also Fajen v. Foundation Reserve Ins. Co., Inc.*, 683 F.2d 331, 333 (10th Cir. 1982) (citations omitted).

The plaintiff is "master of his claims and may choose to have his claims heard in state court by avoiding claims based on federal law." *Karnes v. Boeing Co.*, 335 F.3d 1189, 1193 (10th Cir. 2003). A defendant's right to remove and plaintiff's right to choose the forum are not on equal footing. *Barber v. Albertsons, Inc.*, 935 F.Supp. 1188, 1189 (N.D. Okla. 1996). The removing party bears the burden of establishing that the requirements for diversity jurisdiction have been met. *See Martin v. Franklin Capital Corp.,* 251 F.3d 1284, 1290 (10th Cir. 2001) (abrogated on other grounds by *Dart,* 135 S.Ct. 547).

In alleging fraudulent joinder, a defendant must show the plaintiff either (1) committed outright fraud in pleading the jurisdictional facts, or (2) has no possibility of recovery against the non-diverse defendant. *See Slover v. Equitable Variable Life Ins. Co.*, 443 F.Sup.2d 1272, 1276 (N.D. Okla. 2006) (citing *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42-43 (5th Cir. 1992). Here, Shelter does not allege outright fraud in the pleading of jurisdictional facts, nor is there any evidence of such fraud. Rather, Shelter simply asserts that Plaintiffs have no possibility of recovery against Eischen Agency in this case. *See* Notice of Removal [Doc. 1].

"The burden of persuasion placed upon those who cry 'fraudulent joinder' is indeed a heavy one." *Hart v. Bayer Corp.*, 199 F.3d 239, 246 (5th Cir. 2000); *Montano v. Allstate Indem.*, 211 F.3d 1278, 2000 WL 525592, *1 (10th Cir. 2000) (unpublished) ("The case law places a heavy burden on the party asserting fraudulent joinder."). Although the court may consider evidence outside the pleadings, "[t]his does not mean that the federal court will pre-try, as a matter of course, doubtful issues of fact to determine removability; the issue must be capable of summary determination and be proven with complete certainty." *Smoot v. Chicago Rock Island & Pac. R.R. Co.*, 329 F.2d 82, 85 (10th Cir. 1967); *Mitchell v. Ford Motor Co.,* 2005 WL 1657069, at *3 (W.D. Okla. 2005) ("it is not proper for the court to pre-try issues of liability on a motion to remand.").

After disputed questions of fact and ambiguities in the controlling law are resolved in favor of the non-removing party, the court then determines "whether that party has any possibility of recovery against the party whose joinder is questioned." *Montano*, 2005 WL 525592 at *1-2 (quoting *Hart,* 199 F.3d at 246).

> [This] legal standard is more exacting than that for dismissing a claim under Fed.R.Civ.P. 12(b)(6); indeed, the latter entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action was commenced. A claim which can be dismissed only after an intricate analysis of the state law is not so wholly unsubstantial and frivolous that it may be disregarded for purposes of diversity jurisdiction.

*Mitchell,* 2005 WL 1657069, at *3 (citing *Montano*, 2005 WL 525592 at *1-2). The court must therefore decide whether there is a reasonable basis to believe the plaintiffs might succeed in at least one claim against the non-diverse defendant. *Nerad v. AstraZeneca*, 203 Fed. Appx. 911 (10th Cir. 2006) (unpublished). "If there is even a possibility that a state court would find the complaint states a cause of action against the nondiverse defendant, the federal court must find joinder was proper and remand the case to state court." *McCoy v. Express Energy Services*, 2009 WL 19258929 (W.D. Okla.).

### A. Plaintiffs Have a Possibility of Recovery Against Eischen Agency

In order to state a claim for negligence, a plaintiff must allege that (1) the defendant owed the plaintiff a duty of care, (2) the defendant breached that duty, and (3) the defendant's breach of that duty caused injury to the plaintiff. *Lowery v. Echostar Satellite Corp.*, 160 P.3d 959, 964 (Okla. 2007). "The existence of a duty of care is the threshold question in any negligence action." *Id.*

In Oklahoma, there is a duty on the part of an insurance agency "to exercise reasonable care and skill in performing its tasks, **i.e. procuring insurance and making any necessary corrections or adjustments after a policy is issued**." *Swickey v. Silvey Companies,* 979 P.2d 266, 269 (Okla. 1999) (emphasis added). This duty rests, in part, on "specialized knowledge [about] the terms and conditions of insurance policies generally."

*Id.* at 269; *See also Rotan v. Farmers Ins. Grp. of Companies, Inc.,* 83 P.3d 894, 895 (Okla. 2004). As a general rule, "[a]n agent has the duty to act in good faith and use reasonable care, skill and diligence in the procurement of insurance and an agent is liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss." *Swickey,* 979 P.2d at 269 (citations omitted).

In *Castens v. Conseco Life Ins. Co.,* 2012 WL 610001 (N.D. Okla. 2012), the plaintiff sued an insurer and insurance agent in state court for bad faith and negligence after her claim for life insurance proceeds was denied, and the defendants removed to federal court claiming fraudulent joinder. *Id.* at *1. The plaintiff alleged her father purchased life insurance from the insurer through its agent, however the agent completed the application inaccurately by submitting incorrect height and weight information and submitting a signature on the application that was not her father's. After the policy lapsed for nonpayment of premium, the insurer instructed plaintiff's father to submit a new application; however, due to the agent's alleged negligence of affixing a false signature and submitting incorrect data, the insurer rejected it. The plaintiff's father was still attempting to reinstate his coverage when he died. *Id.* at *1. In its notice of removal, the insurer (similar to the Defendants herein) argued there was no actionable claim against the agent because the policy was procured. *Id.* at *2.

In considering the plaintiff's motion to remand, the court disagreed, holding the insurer "failed to demonstrate that Plaintiff cannot possibly state a claim for relief against [the agent]." *Id.* The court noted "the Oklahoma Supreme Court has never pronounced any rule that an insurance agent's negligence is actionable only if it results in non-procurement

of the policy." *Id.* Citing to *Swickey v. Silvey Companies,* 979 P.2d 266 (Okla. 1999), supra, the court held: "Instead, as with all negligence claims, a plaintiff must simply show that he suffered damages flowing from the breach of the agent's duty of care." *Id.* Because the insurer had not adequately demonstrated that Oklahoma law bars recovery for any other type of harm flowing from the agent's alleged negligence, the court remanded. *See id.*

Like *Castens*, Eischen Agency's duty to Plaintiffs did not end upon the issuance of the original policy and Declarations Page which facially showed the requested coverage. Eischen Agency knew Plaintiffs specifically rejected UM/UIM coverage and had a duty to properly retain and submit Plaintiffs' signed UM/UIM rejection form to Shelter to ensure Plaintiffs received the coverage promised. *See* 12 O.S. § 3636(G); *Swickey,* 979 P.2d at 269. As an authorized agent of Shelter, Eischen Agency knew or should have known of the potential consequences to insureds such as Plaintiffs should it fail to exercise reasonable care in performing this task, given Shelter's practices of (1) force-placing UM/UIM coverage when no UM/UIM rejection form is received, and (2) cancelling policies when insured's refuse to pay for this force-placed coverage. *Id.* It was Eischen Agency's original negligent conduct in failing to properly retain and submit Plaintiffs' signed UM/UIM rejection form to Shelter that started this whole chain of events which ultimately led to Shelter's bad faith cancellation and coverage denial. What's more, Eischen Agency failed to correct its error after Shelter force-placed UM/UIM coverage on Plaintiffs' policy, and failed to timely submit the information to reinstate the policy before the loss occurred – all in breach of its duty of care to Plaintiffs. *Id.* In light of the facts and the controlling caselaw (any disputes of which must be resolved in Plaintiffs' favor), it simply cannot be said that

Plaintiffs have no possibility of recovery against Eischen Agency.[1] *Montano*, 2005 WL 525592 at *1-2; *Hart,* 199 F.3d at 246. Because Plaintiffs have stated a viable claim against Eischen Agency, the nondiverse defendant, this Court lack jurisdiction and Plaintiffs' Motion to Remand should be granted.

**PROPOSITION II: SHELTER HAS FAILED TO PLEAD THE REQUISITE JURISDICTIONAL FACTS FOR REMOVAL**

"To remove a case from a state court to federal court, a defendant must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens,* 135 S.Ct. 547, 553 (2014) (citing 28 U.S.C. § 1446(a)). To invoke federal diversity jurisdiction, the removing party must show that complete diversity exists between plaintiffs and defendants and that the amount in controversy exceeds $75,000.00, exclusive of interests and costs. 28 U.S.C. § 1332(a). The amount in controversy is normally decided at the time of removal, by either the allegations of the petition, or, where they are not determinative, by the allegations in the notice of removal. *Lonnquist v. J.C. Penney Co.*, 421 F.2d 597, 599 (10th Cir. 1970). "On a motion to remand, the removing party has the burden of proving that the action has

---

[1] In its Notice of Removal, Shelter also argues Eischen Agency cannot be liable for negligence because an agent has no duty to advise insureds regarding their insurance or underwriting needs, or to monitor a policy for adequate coverage. *See* Notice of Removal [Doc. 1], p. 4. As set forth above, this is not the basis of Plaintiffs' negligence claim against Eischen Agency. Oklahoma law is clear that an agent has a duty to ensure that coverage is procured as requested. *Swickey v. Silvey Companies,* 979 P.2d 266, 269 (Okla. 1999). Because Eischen Agency breached this duty to Plaintiffs by failing to retain and submit the UM/UIM rejection form to Shelter, Plaintiffs did not receive the coverage promised, their policy was cancelled and their insurance claim was denied. Therefore, this argument should be disregarded.

been properly removed." *Smith v. Brown*, 2017 WL 2964824, at *1 (W.D. Okla. 2017) (citation omitted).

While Shelter's Notice of Removal alleges the parties are diverse (an allegation that Plaintiffs dispute), it is entirely void of any reference to the amount in controversy jurisdictional requirement. *See* Notice of Removal [Doc. 1]. Because it is not apparent in the Petition or the Notice of Removal whether the amount in controversy is met, Shelter has failed to meet its burden to prove this action is properly removed. Therefore, remand is proper.

**PROPOSITION III:** **PLAINTIFFS SHOULD BE AWARDED THEIR ATTORNEY FEES AND COSTS BECAUSE SHELTER DID NOT HAVE AN OBJECTIVELY REASONABLE BASIS FOR REMOVAL**

When a case is remanded to state court under 28 U.S.C. § 1447(c), the nonremoving party may recover its "just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Id.* However, "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 136 (2005).

Here, the evidence demonstrates that prior to filing its Notice of Removal, Shelter knew Plaintiffs' negligence claims against Eischen Agency centered around its failure to retain and submit Plaintiffs' UM/UIM rejection form to Shelter. *See* Ex. 1. Because Eischen Agency did not exercise reasonable care to ensure coverage was procured as requested, Shelter wrongfully force-placed UM/UIM coverage, Plaintiffs' policy was cancelled and their claim denied. *Id.* Despite having actual knowledge of the existence of

a viable claim against Eischen Agency, Shelter claims Eischen Agency was fraudulently joined based upon a bare-boned, unreasonable reading of the Petition. *See* Notice of Removal [Doc. 1]. Moreover, Shelter wholly failed to show even the minimal jurisdictional requirements for diversity jurisdiction. Based up on the foregoing, Plaintiffs contend Shelter did not have an objectively reasonable basis for removal. Therefore, Plaintiffs respectfully request they be awarded their attorney fees and costs.

## CONCLUSION

Because Plaintiffs have stated a viable claim against Eischen Agency, the non-diverse defendant, upon which they have a possibility of recovery, this Court must find joinder was proper and remand the case to the District Court of Kingfisher County. Accordingly, Plaintiffs Motion to Remand should be granted.

Respectfully submitted,

s/Melanie K. Christians
Thomas A. Paruolo, OBA #18442
Derrick T. DeWitt, OBA #18044
Melanie K. Christians, OBA #30846
DeWITT PARUOLO MEEK, PLLC
P.O. Box 138800
Oklahoma City, OK  73113
Telephone: (405) 705-3600
Facsimile:  (405) 705-2573
tom@46legal.com
dewitt@46legal.com
mchristians@46legal.com
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

This is to certify that on the 15th day of June, 2018, the above document was electronically transmitted to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Ronald L. Walker
Jerry D. Noblin, Jr.
*Attorneys for Defendant Eischen Insurance Agency, Inc.*

R. Ryan Deligans
Andrew M. Gunn
*Attorneys for Shelter General Insurance Company*

                                                      s/ Melanie K. Christians