## IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA

EUGENE ZELNICEK, JR. and )
DEBBIE ZELNICEK, )
                                 )
       Plaintiffs, )
                                   )    Case No. CIV-18-0489-F
-vs- )    (Case No. CJ-2018-37 in the District
                                   )    Court of Kingfisher County, State of
SHELTER GENERAL INSURANCE )    Oklahoma)
COMPANY and EISCHEN )
INSURANCE AGENCY, INC., )
                                   )
       Defendants. )

## ORDER

This removed action brings claims alleged by plaintiffs Eugene Zelnicek, Jr., and Debbie Zelnicek against defendants Shelter General Insurance Company (Shelter) and Eischen Insurance Agency, Inc. (Eischen). The claims relate to plaintiffs' purchase and Shelter's subsequent cancellation of an automobile insurance policy. Doc. no. 1-1 (petition, hereafter "the complaint").

Two motions are before the court.

The first is Eischen's motion to dismiss the only claim alleged against it, a negligence claim, on the ground that Eischen is fraudulently joined.[1] Doc. no. 7. Plaintiffs responded, objecting to dismissal. Doc. no. 9. Eischen filed a reply brief. Doc. no. 11.

---

[1] Eischen's motion is entitled as a motion to dismiss for failure to state a claim and fraudulent joinder. The text of the motion, however, shows that the only argued-for basis for dismissal is fraudulent joinder. While Rule 12(b)(6) arguments relate to that issue, the standards which govern Rule 12(b)(6) issues differ from those which govern fraudulent joinder. *See*, "standards," *supra*. This order considers only the fraudulent joinder issue.

The second motion is plaintiffs' motion to remand. Doc. no. 10. Plaintiffs argue that Eischen has not been fraudulently joined and that its presence defeats diversity, requiring remand. Plaintiffs also seek their fees and costs incurred as a result of the removal.[2] Defendants Shelter and Eischen responded separately, objecting to remand. Doc. nos. 12, 13. Plaintiffs filed a reply brief. Doc. no. 14.

## The Issue

There is no dispute that unless Eischen has been fraudulently joined, its presence in this action destroys diversity jurisdiction, the only basis for federal jurisdiction. The question, therefore, is whether Eischen has been fraudulently joined.[3]

## Standards

The joinder of a non-diverse defendant against whom no cause of action is stated is a patent sham; and though a cause of action be stated, the joinder is similarly fraudulent if, in fact, no cause of action exists. Smoot v. Chicago, R.I. & P.R. Co., 378 F.2d 879, 802 (10th Cir. 1967).

The standards for evaluating fraudulent joinder are elaborated upon in Castens v. Conseco Life Ins. Co., 2012 WL 610001 (N.D. Okla. 2012), an action which, similar to this one, involved a claim that the insurance agent, who had been sued for negligence, had been fraudulently joined to defeat diversity. Castens quotes Monsanto v. Allstate Indemnity, 2000 WL 525592 at *1 (10th Cir. 2000), for these standards, stating as follows.[4]

---

[2] As filed, the motion included an additional proposition which has been withdrawn.

[3] The term "fraudulent joinder" is a bit of a misnomer. Actual fraud need not be found. *See*, Mayes v. Rapoport, 198 F.3d 457, 461 n. 8 (4th Cir. 1999). The issue, rather, is whether the claim against the non-diverse party is hopelessly lacking in merit – a condition which can, and often does, exist even in the absence of a fraudulent pleading.

[4] Castens and Monsanto are unpublished decisions.

"The case law places a heavy burden on the party asserting fraudulent joinder." *See Monsanto v. Allstate Indemnity,* No. 99–2225, 2000 WL 525592, at *1 (10th Cir. April 14, 2000).

> "To prove their allegation of fraudulent joinder [the removing parties] must demonstrate that there is no possibility that [plaintiff] would be able to establish a cause of action against [the joined party] in state court. In evaluating fraudulent joinder claims, we must initially resolve all disputed questions of fact and all ambiguities in the controlling law in favor of the non-removing party. We are then to determine whether that party has any possibility of recovery against the party whose joinder is questioned."

*2 *Id.* at * * 1–2. (quoting *Hart v. Bayer Corp.,* 199 F.3d 239, 246 (5th Cir.2000)). In determining whether there is any possibility of recovery against the party that is improperly joined, the legal standard is "more exacting than that for dismissing a claim under Fed. R. Civ. P. 12(b)(6); indeed, the latter entails the kind of merits determination that, absent fraudulent joinder, should be left to the state court where the action was commenced." *Id.* at * 2. Remand is required if any one of the claims against the non-diverse defendant is possibly viable. *Id.* at * 2. With respect to the consideration of evidence, a removing defendant who pleads fraudulent joinder must support his claim with clear and convincing evidence. *Mitchell v. Ford Motor Co.,* No. 05–379, 2005 WL 1657069, at * 3 (W. D. Okla. July 5, 2005). Although the court may consider evidence outside the pleadings, "it is not proper for the court to pre-try issues of liability on a motion to remand." *Id.*

<u>Castens</u> at **1–2.

Discussion

In their motion to dismiss as well as their response to the motion to remand, defendants argue that the complaint fails to state a negligence claim against Eischen. Defendants argue, primarily, that this claim fails because of the allegation that "Eischen sold Plaintiffs the coverage requested…." Doc. no. 1-1, ¶ 19. Defendants

3

contend that in light of this allegation, Oklahoma law forecloses a negligent procurement claim against Eischen. In addition, Shelter argues that the complaint attempts to hold Eischen liable for conduct by Shelter, which allegedly occurred a month after the policy was received by the plaintiffs. Shelter argues that Eischen cannot be held liable for Shelter's conduct.

In their response to the motion to dismiss and also in their motion to remand, plaintiffs argue that defendants apply the wrong standard because fraudulent joinder does not depend upon whether the complaint states a claim, but depends, instead, upon whether a claim against the non-diverse defendant could possibly be stated. Plaintiffs also argue that Oklahoma law does not foreclose the negligence claim against Eischen, and that defendants misunderstand this claim. Plaintiffs explain that their negligence theory is not that Eischen procured the wrong coverage. Rather, plaintiffs contend they ultimately did not receive the insurance they were promised because, although they signed a form rejecting uninsured/underinsured motorist coverage, Eischen failed to properly retain that form. Plaintiffs contend this failure constituted negligence on Eischen's part and led Shelter to attempt to force uninsured/underinsured motorist coverage onto the policy. Plaintiffs contend that when they refused to pay for coverage which they had expressly rejected, the policy was cancelled, a result Eischen knew would occur. Thus, plaintiffs blame Eischen's negligence (failure to properly retain plaintiffs' form rejecting uninsured/underinsured motorist coverage) for the cancellation of the policy.[5]

---

[5] In addition, plaintiffs argue that Eischen was negligent because Eischen failed to correct its error after Shelter force-placed uninsured/underinsured motorist coverage on plaintiffs' policy;  and because Eischen failed to timely submit information to reinstate the policy, before the loss occurred.

Not all of the above details of plaintiffs' negligence claim against Eischen are alleged in the complaint. The complaint does, however, allege the outlines of this theory of negligence against Eischen.[6] More importantly, the court is permitted to pierce the pleadings and determine whether there is a reasonable basis to believe the plaintiffs might succeed on at least one claim against the non-diverse defendant. Nerad v. AstraZeneca Pharmaceuticals, Inc., 203 Fed. Appx. 911, 913 (10th Cir. 2006) (unpublished). A reasonable basis means that the claim need not be a sure-thing, but it must have a basis in the alleged facts and the applicable law. *Id.*

Plaintiffs' theory of negligence against Eischen, as detailed in their briefing, has a basis in fact. Plaintiffs have linked specific actions of Eischen (failure to properly retain plaintiffs' form rejecting uninsured/underinsured coverage) to the cancellation of their policy, as a direct cause for that cancellation. Plaintiffs' theory of negligence also has a basis in law. *See*, *e.g.*, Swickey v. Silvey Companies, 979 P.2d 266, 269 (Okla. Civ. App. 1999) (evidence created an inference that the agency was negligent in failing to arrange for insurance which showed Mike as the named insured, and in failing to advise Nelson that the vehicle she purchased would have to be titled in Mike's name in order for him to be the named insured). Furthermore, to the extent that there are ambiguities with respect to the controlling law, those ambiguities are resolved in favor of plaintiffs as the non-removing party. Castens, 2012 WL 610001 at *1, quoting Monsanto, 2000 WL 525592 at *1. Plaintiffs' theory of negligence also counters Shelter's argument that the negligence claim fails

---

[6] The negligence claim alleges that "Plaintiffs contacted Eischen to purchase insurance for their 2012 Peterbuilt [sic] semi-tractor"; that plaintiffs "specifically rejected uninsured/underinsured motorist coverage," that "[t]hereafter, Defendant Shelter attempted to force uninsured/underinsured motorist coverage onto the policy despite Plaintiffs' rejection of such coverage"; that "[w]hen Plaintiffs refused to pay for the coverage they did not want or request, Shelter wrongfully cancelled the policy"; and that "[a]s a result of Eischen's and Shelter's negligence, Plaintiffs' policy was wrongfully cancelled." Doc. no. 1-1, ¶¶ 17, 18, 21, 23.

because it attempts to hold Eischen liable for conduct by Shelter. To the contrary, the negligence claim against Eischen depends upon Eischen's conduct, not Shelter's.

On this record, there is a reasonable basis to conclude, and the court hereby does so, that plaintiffs may succeed in state court on their negligence claim against Eischen. *See*, Castens at *2 (insurance agent not fraudulently joined; Oklahoma law did not preclude a claim that the agent had allegedly been negligent by affixing a false signature, by submitting inaccurate data during the application process, and by failing to procure a second policy). Accordingly, Eischen is not fraudulently joined and its presence in this action destroys diversity, requiring remand.

Finally, the court addresses plaintiffs' request for attorneys' fees and costs incurred as a result of the removal. Although defendants did not prevail at this stage, they had an objectively reasonable basis for the removal. *See*, Martin v. Franklin Capital Corp., 546 U.S. 132, 136 (2005) (absent unusual circumstances, attorneys' fees should not be awarded when the removing party has an objectively reasonable basis for removal). For example, the complaint alleges that "Eischen sold Plaintiffs the coverage requested." The complaint also alleges the negligence claim against Eischen in a relatively spare manner, compared to the detailed explanation of that claim provided in plaintiffs' briefing papers. Accordingly, the record, as it stood at the time of removal, gave defendants an objectively reasonable basis for arguing that Eischen had been fraudulently joined and that removal was appropriate. Plaintiffs' request for fees and costs will be denied.

## Conclusion

After careful consideration, Eischen's motion to dismiss is **DENIED** and plaintiffs' motion to remand is **GRANTED**. Because there is no diversity jurisdiction, this action is **REMANDED** to The District Court of Kingfisher County, State of Oklahoma, for lack of subject matter jurisdiction. *See*, 28 U.S.C.

§  1447(c),(d).  Plaintiffs' request for attorneys' fees and costs incurred as a result of removal is **DENIED**.

IT IS SO ORDERED this 18th day of July, 2018.


STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE


18-0489p001.docx